**MID–CONTINENT SUPPLY CO.,**
**Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL**
**REVENUE SERVICE,**
**Respondent-Appellee.**

No. 76–4388.

United States Court of Appeals,
Fifth Circuit.

April 28, 1978.

Whitfield J. Collins, Kirk R. Manning, Fort Worth, Tex., for petitioner-appellant.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., Gilbert E. Andrews, Act. Chief, Appellate Sec., U. S. Dept. of Justice, Meade Whitaker, Chief Counsel, I. R. S., Myron C. Baum, Acting Asst. Atty. Gen., Richard Farber, John A. Dudeck, Jr., Attys., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before TUTTLE, COLEMAN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This is an appeal from a decision of the United States Tax Court determining a deficiency in federal income taxes for the taxable year 1970 in the amount of $126,-178.29. The opinion of the Tax Court is reported at 67 T.C. 37. Although we are satisfied with the reasons for decision in that opinion, it seems appropriate to set forth the facts and the holding here so that our decision will furnish a clear precedent in this Circuit on this technical point of tax law.

We hold that in determining the amount of foreign tax credit allowable to Western Hemisphere trade corporations filing consolidated returns with other corporations, the "portion of the consolidated taxable income attributable" to such Western Hemisphere trade corporations, referred to in section 1503(b)(1) of the Internal Revenue Code, 26 U.S.C.A. § 1503(b)(1), should be calculated the same way as the "portion of the consolidated taxable income attributable" to Western Hemisphere trade corporations is calculated for the consolidated section 922 deduction as described in § 1.1502–25(c) of the Treasury Regulations, 26 C.F.R. § 1.1502–25(c).

The material facts are not in dispute and are as follows: Taxpayer, Mid-Continent Supply Co. (Midco), the parent corporation of a group of affiliated corporations and

subsidiaries, filed a consolidated federal income tax return for 1970. Included in the affiliated group of corporations were four domestic subsidiaries, each of which qualified as a Western Hemisphere trade corporation (WHTC) and, as such, were entitled to a special deduction under section 922 of the Code. Under section 922 of the Code, Western Hemisphere trade corporations are given a special deduction resulting in a 14% tax rate differential. Generally, for the year at issue here WHTCs were taxed at a reduced 35.2% tax rate rather than at the 49.2% tax rate normally applicable to corporations. The four WHTC subsidiaries and other members of the Midco group had foreign source income and paid foreign taxes during the year in issue.

The taxable income of each of the four members of Midco's affiliated group qualifying as WHTCs for 1970, before allowing any section 922 deduction, and the aggregate income of all such WHTC members for such year were as follows:

| | |
|---|---|
| Mid-Continent Supply Western Hemisphere Co. | $ 426,065.11 |
| Loffland Brothers International, Inc. | 143,341.47 |
| Loffland Brothers Co. of Canada | 538,763.58 |
| Midco Caribe Co. | 550,411.93 |
| Aggregate income of WHTC members | $1,658,582.09 |

The aggregate taxable income of all members of Midco's affiliated group show-

ing net income for the year 1970, before allowing any section 922 deduction for WHTC members, was $12,144,459.38. Some of the non-WHTC members of the Midco affiliated group suffered substantial losses in 1970, and after adjustment for those losses, the consolidated taxable income of the group, before allowing any section 922 deduction, was $6,736,875.01.

The United States federal income tax of the Midco affiliated group for 1970, before allowing any credit under section 901 for taxes paid to foreign countries, was $3,171,341.65, and the United States tax applicable to foreign source income was $1,569,730.01. The foreign taxes available for credit against the United States taxes of the affiliated group for 1970, before applying any limitation, were as follows:

| | |
|---|---|
| WHTC members | $ 442,639.96 |
| Non-WHTC members | 997,331.89 |
| | $1,439,971.85 |

The parties stipulated that, for section 922 purposes, the portion of consolidated taxable income attributable to WHTC members of Midco's affiliated group (before allowing any section 922 deduction for WHTC members) was $920,062.36. This amount was determined in accordance with the formula prescribed by section 1.1502–25 of the Treasury Regulations, as follows:

$$\begin{array}{l}\text{Consolidated} \\ \text{Taxable Income} \\ \text{of All Members} \\ \text{(After Adj. for} \\ \text{Losses)}\end{array} \times \begin{array}{l}\text{Taxable Income of} \\ \underline{\text{WHTC Members}} \\ \text{Sum of Taxable Incomes} \\ \text{of All Members} \\ \text{(Before Losses)}\end{array} = \begin{array}{l}\text{Portion of} \\ \text{Consolidated} \\ \text{Taxable Income} \\ \text{Attributable} \\ \text{to WHTC Members}\end{array}$$

$$\$6,736,875.01 \times \frac{\$1,658,582.09}{\$12,144,459.38} = \$920,062.36$$

The parties also agreed that the special deduction allowed Midco's Western Hemisphere trade corporation subsidiaries under section 922 of the Code was $261,806.36, computed as follows:

$$\begin{array}{l}\text{Consolidated} \\ \text{Taxable Income} \\ \text{of WHTC Members}\end{array} \times \frac{14\%}{\begin{array}{l}\text{normal tax rate} \\ \text{plus surtax rate}\end{array}} = \begin{array}{l}\text{WHTC Members'} \\ \text{Special Deduction}\end{array}$$

$$\$920,062.36 \times \frac{14}{49.2} = \$261,806.36$$

 In filing its federal income tax return for taxable year 1970, Midco elected to use the consolidated foreign tax credit determined in accordance with the overall limitation on taxes paid to foreign countries. *See* section 1.1502–4, Treasury Regulations and section 904(a)(2) of the Code. In the case where, as here, Western Hemisphere trade corporations file a consolidated return with other domestic corporations and elect to use the overall limitation on the foreign tax credit, section 1503(b)(1) of the Code prescribes a special limitation designed to eliminate any foreign tax credit attributable to the special 14 percent tax rate differential allowed to Western Hemisphere trade corporations under section 922 of the Code. Generally, under section 1503(b)(1), the amount of taxes paid to foreign countries by Western Hemisphere trade corporations which is in excess of the taxes computed on the portion of the consolidated taxable income attributable to such WHTCs and taxable at the special lower rate is not taken into account for purposes of the allowance of the foreign tax credit.

Midco would compute the special limitation under section 1503(b)(1) as follows:

Section 1503(b)(1)(A) amount:

Lesser of:
(1) Foreign taxes paid of $442,639.96 $442,639.96
(2) U. S. tax on WHTC's portion of consolidated taxable income without section 922 deduction:
(49.2%) $\times$ ($1,658,582.09) = $816,022.39

Section 1503(b)(1)(B) amount:

U. S. tax on WHTC's portion of consolidated taxable income with section 922 deduction:
(49.2%) $\times$ ($1,658,582.09 less $ 261,806.36) = $687,213.66 $687,213.66

Section 1503(b)(1) reduction:

Excess of section 1503(b)(1)(A) amount over section 1503(b)(1)(B) amount: $ –0–

In calculating that the special limitation on taxes paid to foreign countries under section 1503(b)(1) was zero, as illustrated above, Midco's computation of the consolidated taxable income attributable to its WHTCs, *i. e.*, $1,658,582.09, was based on a separate aggregation of the taxable incomes of the WHTCs isolated as a group.

The Commissioner of Internal Revenue in his notice of deficiency to Midco for taxable year 1970 determined that the section 1503(b)(1) reduction in the foreign tax credit was $118,778.01. This reduction in the foreign tax credit was based on the Commissioner's determination that the portion of the consolidated taxable income attributable to the WHTCs was the amount determined under Treasury Regulations § 1.1502–25(c), *i. e.*, $920,062.36, and not $1,658,852.09 as claimed by taxpayer. The Commissioner's calculation of the section 1503(b)(1) reduction of the foreign tax credit was as follows:

Section 1503(b)(1)(A) amount:

Lesser of:
(1) Foreign taxes paid of $442,639.96 $442,639.96
(2) U.S. tax on WHTC's portion of consolidated taxable income without section 922 deduction:
(49.2%) $\times$ ($920,062.36) = $452,670.68

Section 1503(b)(1)(B) amount:

U. S. tax on WHTC's portion of consolidated tax-
able income with section 922 deduction:
 (49.2%) × ($920,062.36 less
 $261,806.36) = $323,861.95 $323,861.95

Section 1503(b)(1) reduction:
 Excess of section 1503(b)(1)(A) amount over section
 1503(b)(1)(B) amount: $118,778.01

---

In sustaining the Commissioner's determination, the Tax Court concluded that the "portion of the consolidated taxable income" attributable to WHTCs referred to in section 1503(b)(1)(A) and (B) must be the same amount as that used in computing the consolidated section 922 deduction pursuant to Treasury Regulations § 1.1502–25(c).

Midco appeals from this decision. Midco also appeals from an order of the Tax Court denying its motion for a continuance to permit discovery of a technical advice memorandum allegedly issued by the National Office of the Internal Revenue Service in connection with the audit of another taxpayer's return.

We affirm the Tax Court on both counts.

■ The issue on appeal concerns the computation of the amount of the allowable foreign tax credit with respect to the foreign taxes paid by the WHTC members of taxpayer's affiliated group. Where, as here, WHTCs file a consolidated return with other domestic corporations and elect to use the overall limitation on the foreign tax credit, section 1503(b)(1) of the Code prescribes a special limitation designed to prevent a consolidated group from reducing its United States tax by the consolidated section 922 deduction and at the same time obtaining a consolidated foreign tax credit for the taxes paid on this same income. The specific question at issue here is whether the Tax Court correctly concluded that the phrase "portion of the consolidated taxable income attributable" to the WHTCs required to be determined by the statutory language of section 1503(b)(1) must be computed in accordance with definition of this term provided in Treasury Regulations § 1.1502–25(c).

Taxpayer concedes that for purposes of computing the consolidated section 922 deduction, the definition of the WHTCs consolidated taxable income in Treasury Regulations § 1.1502–25(c) prevails. Taxpayer maintains, however, that this same term takes on a second definition for purposes of the computations required by section 1503(b)(1) and should be determined simply by the aggregate of the separate taxable incomes of each WHTC member.

The aggregate of the separate taxable income of the WHTC members would be equal to such members proportional share of the consolidated taxable income as defined in the regulations were it not for the fact that certain of the non-WHTC members of the affiliated group had operating losses during the year in question. The existence of these losses, however, under basic consolidated reporting principles makes the "portion of the consolidated taxable income attributable" to the WHTCs less than the aggregate of the separate taxable income of each of the WHTCs. The smaller the amount of the taxable income attributable to the WHTCs, the smaller the amount of allowable foreign tax credit with respect to the foreign taxes paid by such corporations. It is on account of this fact that taxpayer in computing the amount of the allowable foreign tax credit seeks to disregard the fact that a consolidated return was filed and to compute the amount

of taxable income attributable to the WHTCs as if separate returns had been filed by such WHTCs.

The Tax Court, after reviewing the applicable legislative history and the statutory scheme pertaining to WHTCs, the foreign tax credit, and consolidated returns, concluded that the phrase "portion of the consolidated taxable income attributable" to WHTCs contained in section 1503(b)(1) did not mean the aggregate of the separate taxable income of the WHTCs. Instead, the court held that the amount of the consolidated taxable income attributable to the WHTCs must be computed in accordance with the provisions of Treasury Regulations § 1.1502–25(c).

We affirm this decision for the reasons stated in the Tax Court opinion. 67 T.C. 37.

 Taxpayer also appeals from the order of the Tax Court denying its motion for a continuance of the trial to permit discovery of a technical advice memorandum allegedly issued by the National Office of the Internal Revenue Service in connection with the audit of another taxpayer's return. The Tax Court denied taxpayer's motion on the ground that the production of such documents in a case fully stipulated by the parties would have made available no additional material evidence. Taxpayer has failed to demonstrate that the Tax Court abused its discretion in denying its request for a continuance and, accordingly, the court's ruling in this regard is sustained.

The fact that the Internal Revenue Service has taken a position in this case that may be inconsistent with that taken in the earlier technical advice memorandum does not advance taxpayer's cause. The earlier position has now been recognized by the Commissioner as erroneous, and it is well established that a taxpayer has no right to insist upon the same erroneous treatment afforded a similarly situated taxpayer in the past.

AFFIRMED.