**FEDERAL TRADE COMMISSION,**
**Plaintiff,**

v.

**CITIGROUP INC., Citifinancial Credit Company, Associates First Capital Corporation, and Associates Corporation of North America, Defendants.**

No. CIV.A.1:01–CV–606–JT.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 27, 2001.

Valerie M. Verduce, Federal Trade Commission, Atlanta Regional Office, Atlanta, GA, Lucy E. Morris, Alys I. Cohen, Ricardo A. Gonzalez, Marilyn E. Kerst, Karen Schaefer, Robert S. Kaye, Federal

Trade Commission, Washington, DC, for Plaintiff.

John J. Dalton, Kevin Allen Maxim, Troutman Sanders, Atlanta, GA, Andrew L. Sandler, Mitchell S. Ettinger, Raina E. Brubaker, Benjamin B. Klubes, Jennifer L. Spaziano, Skadden, Arps, Slate, Meagher & Flom, Washington, DC, for Defendants.

## *ORDER*

CAMP, District Judge.

This case is before the Court on Defendant's Motion to Dismiss [# 12–1] and Plaintiff's Motion for Rule 16(b) Scheduling Order and to Initiate Discovery [# 16–1].

## I. BACKGROUND

The Federal Trade Commission ("Commission") brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act") to "secure permanent injunctive relief and other equitable relief, including rescission, restitution, reformation, and disgorgement." (Compl.¶ 1). Defendant Associates First Capital Corporation and its wholly owned subsidiary, Defendant Associates Corporation of North America (collectively "the Associates"), offered finance products and services to consumers who are considered to be greater credit risks. (Comp.¶¶ 7, 8, 12). However, the Associates allegedly engaged in numerous deceptive acts or practices in order to induce consumers to take out or refinance loans with high interest rates, costs and fees and to purchase high-cost credit insurance. (Compl.¶ 15). According to the Commission, these deceptive practices violated the FTC Act, the Truth in Lending Act ("TILA") and the Fair Credit Reporting Act ("FCRA").

On November 30, 2000 Defendant Citigroup acquired the Associates and merged the domestic consumer finance business of the Associates into the consumer finance business of Defendant CitiFinancial, a wholly owned subsidiary of Citigroup. (Compl.¶¶ 5–6). As a result of this acquisition and merger, Plaintiff alleges that Defendants Citigroup and CitiFinancial are "successor corporations to the Associates and are liable for the illegal practices alleged in [the] Complaint." (Compl.¶ 6).

Soon after the Complaint was filed, Defendants jointly moved to dismiss it pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. According to Defendants, the underlying Complaint is deficient for several reasons. First, Defendants contend that the Court lacks jurisdiction over this action because the Complaint fails to allege facts which would permit the Court to grant injunctive relief. Second, Defendants assert that Citigroup and CitiFinancial are not proper parties to the action because they cannot be held liable for the acts committed by the Associates. Finally, Defendants assert that the Complaint fails to allege a violation of either the Truth in Lending Act or the Fair Credit Reporting Act.

## II. SUBJECT MATTER JURISDICTION

Section 13(b) of the Federal Trade Commission Act "authorizes the FTC to seek, and the district courts to grant, preliminary and permanent injunctions against practices that violate any of the laws enforced by the Commission." *FTC v. Gem Merch. Corp.*, 87 F.3d 466, 468 (11th Cir.1996); 15 U.S.C. § 53(b). Pursuant to this statute, the Commission may bring suit for injunctive relief when it has reason to believe "that any person, partnership, or corporation is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission." 15 U.S.C. § 53(b)(1). The authority to grant permanent injunctive relief also includes the power to grant any ancillary

relief necessary to accomplish complete justice. *GEM Merch.,* 87 F.3d at 468–70.

Defendants move to dismiss this case, asserting that the Court does not have subject matter jurisdiction. According to Defendants, "the Complaint fails to assert the FTC's entitlement to injunctive relief." (Def.'s Mot. to Dismiss at 12). Without a valid claim for such relief, Defendants assert that Section 13(b) of the FTC Act is inapplicable, and the Court lacks jurisdiction to bring this action before the district court.

■ While Defendant has moved to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants' motion actually challenges an element of the underlying claim and the sufficiency of the Complaint. "Where the defendant's challenge to the Court's jurisdiction is also a challenge to the existence of a cause of action, the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Williamson v. Tucker,* 645 F.2d 404, 415 (5th Cir.1981). In such cases, the defendant is forced to proceed under either Rule 12(b)(6) or Rule 56—both of which provide a greater level of protection to the plaintiff. *Id.*

■ In this case, Defendants' challenge to the Court's jurisdiction is also a challenge to the existence of a federal cause of action. If the Complaint fails to state a claim for injunctive relief under Section 13(b), there is not only no federal jurisdiction to hear the case but also no federal cause of action on the stated facts. *See Williamson,* 645 F.2d at 416 ("In this case it is clear that the jurisdictional issue reaches the merits of Plaintiff's case: if the joint venture interests and notes are not securities there is not only no federal jurisdiction to hear the case but also no federal cause of action on the stated

facts"). Therefore, the Court examines Defendants' "jurisdictional" challenge pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## III. FAILURE TO STATE A CLAIM

The purpose of a Rule 12(b)(6) motion is to determine whether the plaintiff's complaint adequately states a claim for relief. A motion to dismiss concerns only the complaint's legal sufficiency and is not a procedure for resolving factual questions or for addressing the merits of the case. *See* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (2d ed.1990). Consequently, the Court's inquiry is limited to the contents of the complaint. *GSW, Inc. v. Long County,* 999 F.2d 1508, 1510 (11th Cir.1993).

A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. Wright & Miller, § 357 at 321. The Supreme Court has determined that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts" which would entitle plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Furthermore, the court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. In fact, a complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." 5 Wright & Miller, § 1216 at 154, 156–59. Finally, in considering a motion to dismiss, the complaint's allegations must be accepted as true and construed in the light most favorable to the plaintiff. *See Powell v. United States,* 945 F.2d 374, 375 (11th Cir.1991).

## A. Failure to State a Claim for Injunctive Relief

 Applying the Rule 12(b)(6) standard, Plaintiff has stated· a claim upon which injunctive relief can be granted. The Complaint describes systematic and widespread acts of deception by the Associates. While these past wrongs are generally not enough for the grant of an injunction, an injunction may issue if a violation is ongoing or likely to recur. *FTC v. Evans Products Co.,* 775 F.2d 1084, 1087–88 (9th Cir.1985); *FTC v. Minuteman Press,* 53 F.Supp.2d 248, 260 (E.D.N.Y.1998). As one Court of Appeals has observed, "[a]n inference arises from illegal past conduct that future violations may occur. The fact that illegal conduct has ceased does not foreclose injunctive relief." *SEC v. Koracorp Indus., Inc.,* 575 F.2d 692, 698 (9th Cir.1978), *cert. denied,* 439 U.S. 953, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978).

Based upon the foregoing, it does not appear "beyond doubt that the plaintiff can prove no set of facts" which would entitle it to relief. *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102. The Complaint describes systematic and widespread deception by the Associates, Citigroup and CitiFinancial's occupations position them to commit future violations, and the alleged harm to consumers is grave. *See FTC v. Magui Publishers, Inc.,* 1991 WL 90895, at *15 (S.D.Cal. March 28, 1991)(noting that. the factors to consider to determine whether there is a "cognizable danger of future violations" include "the degree of scienter, whether the conduct was an isolated incident or recurrent, whether the defendant's current occupations position them to commit future violations, the degree of harm consumers suffered from defendants' unlawful conduct, and defendants' recognition of their own culpability and the sincerity of their assurances (if any) against future violations"). As a result, Defendant's Mo-

tion to Dismiss with regard to this issue is **DENIED**. The Commission has properly stated a claim for injunctive relief under Section 13(b) of the FTC Act.

## B. Failure to State a Claim Against Citigroup and CitiFinancial

██ Defendants assert that Citigroup and CitiFinancial should be dismissed from the case because they can not be held liable for the actions of the Associates. According to Defendants, Citigroup bears no liability for the Associates' acts because it is merely a "parent" corporation. Defendants further assert that the merger of CitiFinancial and the Associates did not create successor liability. However, based upon the allegations found within the Complaint, Plaintiff has stated a sufficient claim against both Citigroup and CitiFinancial.

The Complaint states that (1) Citigroup acquired the Associates on November 30, 2001; (2) Citigroup merged the domestic consumer finance business of the Associates into the consumer finance business of CitiFinancial; (3) Citigroup and CitiFinancial are "successor corporations" to the Associates; and (4) Citigroup and CitiFinancial are "liable for the illegal practices alleged in this Complaint." (Compl.¶ 6). Construing these allegations in the light most favorable to the Commission, it does not appear beyond doubt that the Commission can prove no set of facts which would entitle it to relief. In fact, the allegations in the Complaint comply with the requirements of the Federal Rules of Civil Procedure which only require the Commission to provide a "short and plain statement of the claim" showing that it is entitled to relief. *See* Fed.R.Civ.P. 8(a).

██ Furthermore, because the issues of successorship and the parent-subsidiary relationship are "heavily fact-specific," they should be resolved in a motion for

summary judgment. *United States v. Jon–T Chemicals, Inc.*, 768 F.2d 686, 694 (5th Cir.1985)(determining whether a subsidiary is the alter ego of its parent is a "heavily fact-specific" issue); *P.F. Collier & Son Corp. v. FTC*, 427 F.2d 261, 272 (6th Cir.1970)(noting that "[t]he question of successorship is one of fact"). Only after the parties have performed discovery can the Court fully examine the relationship of the companies and the circumstances surrounding the acquisition and merger. *See P.F. Collier*, 427 F.2d at 272 (noting that the following factors should be considered when resolving successorship issues: whether the companies engage in the same business, whether the successor has the capability to continue or resume deceptive practices, whether the companies have in common individuals who have served in similar capacities, whether there is substantial identity of ownership between the companies). As a result, Defendant's Motion to Dismiss Citigroup and CitiFinancial is **DENIED.** Plaintiff has stated a sufficient claim against each of these parties.

### C. Failure to State a Claim Under the Truth in Lending Act

██ Defendant moves to dismiss Count VIII of the Complaint which alleges a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640 et seq. According to Defendants, the Complaint fails to state a claim for relief under TILA. First, Defendants assert that the Complaint is insufficient because it fails to identify the disclosures that the Associates allegedly failed to provide to consumers. Second, Defendants assert that the Homeowner's Express Loans at issue in this case were unsecured loans which were not subject to the rescission requirements of 12 C.F.R. § 226.23(a)(1). Third, Defendants assert that the advertisements attached to the Complaint fully comply with the TILA requirements. Finally, Defendants assert that the Complaint is insufficient because it fails to allege any facts supporting the allegation that Defendants failed to retain records required by TILA.

The Complaint alleges in detail three different types of conduct prohibited by TILA: loan splitting, failure to make required advertising disclosures clearly and conspicuously, and failure to keep required records. With regard to the loan splitting claims, the Complaint alleges that the Associates improperly "split" real estate-secured home equity loans when it issued Howmeowner's Express Loans—giving the borrower immediate cash, tying him to a home equity loan, and effectively nullifying the TILA three-day rescission period. (Compl.¶¶ 22, 60). The Complaint also alleges that the Associates disseminated advertisements promoting home equity loans which failed to clearly and conspicuously disclose loan fees, periodic annual percentage rates, and the fact that the plan included a balloon payment. (Compl.¶¶ 20, 21, 60). Construing these allegations in the light most favorable to the Commission, the Complaint sufficiently states a claim for relief under TILA and provides Defendant sufficient notice of the claims. *See* Fed.R.Civ.P. 8(a). Each of the fact-specific issues raised in Defendants' Motion to Dismiss should be resolved after discovery in a motion for summary judgment. As a result, Defendant's Motion to Dismiss this claim is also **DENIED.**

### D. Failure to State a Claim Under the Fair Credit Reporting Act

██ Finally, Defendants also move to dismiss Count X of the Complaint in which the Commission asserts violations of the Fair Credit Reporting Act. According to Defendants, the FCRA permits the use of consumer reports to solicit consumers who have not initiated a credit transaction. While it is appropriate for a creditor to obtain a consumer report "in connection

with a credit transaction involving the consumer ... and involving the extension of credit to, or review or collection of an account of, the consumer," consumer reports should not be used as a marketing tool. *Trans Union Corp. v. FTC,* 245 F.3d 809, 813 (D.C.Cir.2001)(citing *Trans Union Corp. v. FTC,* 81 F.3d 228, 233 (D.C.Cir. 1996)). Based upon the allegations found in the Complaint, the Associates used the consumer reports for this impermissible purpose. (Compl.¶ 18, 68, 69)("The Associates used or obtained consumer reports for impermissible purposes by: (a) using a consumer report that was originally obtained in connection with a credit transaction involving a consumer to subsequently solicit the consumer to purchase new or additional loan product; and (b) obtaining a new consumer report to solicit a consumer for a credit transaction that the consumer did not initiate."). A consumer's credit related data should be kept private "except under circumstances in which the consumer could be expected to wish otherwise or, by entering into some relationship with a business, could be said to implicitly waive the Act's privacy to help further that relationship." *Trans Union,* 81 F.3d at 234.

Construing the allegations in the light most favorable to the Commission, the Complaint sufficiently states an FCRA claim. As a result, Defendants' Motion to Dismiss with regard to this issue is also **DENIED.** Each of the issues raised by Defendants should be resolved after discovery in a motion for summary judgment.

## IV. CONCLUSION

Based upon the foregoing, Defendants' Motion to Dismiss [# 12–1] is **DENIED** and Plaintiff's Motion for Scheduling Order and to Initiate Discovery [# 16–1] is **GRANTED.** The parties are **DIRECTED** to appear before the Court for a scheduling conference on Tuesday, January 8, 2002 at 10:30 a.m. in Courtroom 2106, U.S. District Court, 75 Spring Street, S.W., Atlanta, Georgia. The parties are also **DIRECTED** to file proposed scheduling orders by Monday, January 7, 2002.