**SIERRA CLUB, Physicians for Social Responsibility, Georgia Forestwatch, and Eileen Lange, Plaintiffs,**

v.

**GEORGIA POWER COMPANY, Defendant.**

**No. CIV.A. 3:02–CV–151–J.**

United States District Court, N.D. Georgia, Newnan Division.

June 19, 2003.

Christopher A. Sproul, San Francisco, CA, Robert Guild, Columbia, SC, Robert Ukeiley, Berea, KY, for Plaintiffs.

Amanda Colleen Baxter, Daniel S. Reinhardt, Margaret Claiborne Campbell, At-

lanta, GA, Hugh Brown McNatt, Vidalia, GA, for Defendants.

Cletus W. Bergen, II, Savannah, GA, George Graham Holden, Charles A. Perry, Atlanta, GA, for Amicus.

## ORDER

CAMP, District Judge.

Presently pending before the Court are the following motions: Defendant Georgia Power Company's Motion to Dismiss Counts IV and V of Plaintiffs' Complaint [# 5–1], Plaintiffs' Motion to Extend Time to File Reply [# 6–1], Plaintiffs' Motion for Oral Argument on Motion to Dismiss [# 14–1].

### I. Background

The Clean Air Act (the Act), 42 U.S.C. § § 7401 to 7671q, requires all states to adopt "State Implementation Plans" (SIPs), for attaining and maintaining air quality standards, based on maximum levels of seven air pollutants. One of these pollutants is ground level ozone which is formed by a reaction between nitrogen oxides (NOx) and volatile organic compounds. 42 U.S.C. §§ 7409, 7410. Once a State's SIP is approved by the EPA it may be enforced by the applicable state, the EPA, or by citizens through the citizen suit provision of the Act. 42 U.S.C. § 7604. The instant action is such a "citizen suit."

Georgia's EPA approved SIP includes specific measures to reduce the amount of ground level ozone in the area, as Atlanta has exceeded air quality standards for ozone for over 22 years. These measures include a requirement that the owner or operator of any new source of NOx emissions obtain "offsets" prior to operation. Offsets are reductions in NOx emissions from other existing sources. Georgia's SIP requires that owners of new sources of NOx emissions obtain offsets at a ratio

of 1.1 to 1 (1.1 tons of emissions reductions to every 1 ton that will be emitted by new units). Ga. Comp. R. & Regs. R. 391–3–1–.03(8)(c). It also requires that these offsets be real, permanent, quantifiable, enforceable and surplus. *Id.* at (15). Title V permits, issued by EPD, are meant to consolidate into one permit all regulations applying to a major stationary source of air pollution, including the SIP requirements. Title V permit conditions are also enforceable through citizen suits.

There are three permits relevant to this case: (1) the Wansley Permit, (2) the amended Bowen Permit, and (3) the amended 7–Plant Permits. The Wansley Permit was amended in July of 2000 for the construction and operation of four combustion turbine power blocks. Because the new power blocks emit NOx, in order to comply with Georgia's SIP, the amended permit requires Defendant to obtain a certain amount of offsets. The amended permit specifies that such offsets be real, permanent, quantifiable, enforceable and surplus. According to Defendant, the original Bowen Permit was amended to provide the required offsets for the Wansley Permit in 2002 and the original 7–Plant Offset Permits were amended to provide the required offsets for the Wansley Permit in 2003 and beyond.

In regards to these permits, Plaintiffs assert the following: Defendant is in violation of the Wansley Permit because the offsets in the Bowen and 7–Plant Permits are not permanent, real, enforceable or surplus (Count IV), and further Defendant is in violation of the Wansley Permit because it has not been determined by the proper authorities that the combustion turbine power blocks meet the maximum achievable control technology (MACT) emission limitation (Count V).

In response Defendant moves the Court to dismiss Counts IV and V arguing that (1) the Court has no subject matter juris-diction over the claims because this is not a proper citizen suit but instead is a suit regarding the validity of Defendant's permits. (2) the suit is precluded due to the Title V permit shield provisions, (3) Plaintiffs did not provide Defendant with the statutorily required notice, and (4) as to Count V, the modifications to the Wansley Plant are not subject to the MACT limitations.

## II. Legal Standard for Motion to Dismiss

The purpose of a Rule 12(b)(6) motion is to determine whether the plaintiff's complaint adequately states a claim for relief. A motion to dismiss concerns only the complaint's legal sufficiency and is not a procedure for resolving factual questions or for addressing the merits of the case. *See* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (2d ed.1990). Consequently, the Court's inquiry is limited to the contents of the complaint. *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir.1993).

A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. Wright & Miller, § 357 at 321. The Supreme Court has determined that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts" which would entitle plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the complaint's allegations must be accepted as true and construed in the light most favorable to the plaintiff. *See Powell v. United States*, 945 F.2d 374, 375 (11th Cir.1991).

## III. Analysis

### A. Count IV

Pursuant to 42 U.S.C. § 7604(a)(1), "any person may commence a civil action

on his own behalf...against any person...who is alleged to have violated...or to be in violation of (A) an emission standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation..." Generally citizen suits are brought alleging either that a defendant is violating its permit or is emitting a pollutant without a permit. Plaintiffs' complaint alleges that Defendant is violating the Wansley Permit. More specifically, Plaintiffs allege that Defendant is in violation of the portion of the Wansley Permit requiring that the mandatory offsets be real, permanent, quantifiable, enforceable and surplus.

Defendant argues that this is an impermissible attack on the Bowen and 7–Plant Permits. This argument is based on Defendant's contention that the Georgia Environmental Protection Division (EPD) issued the Bowen and 7–Plant permit amendments in order to meet the offset requirements contained in the Wansley Permit. As such, by arguing that the offsets are not real, permanent, quantifiable, enforceable and surplus, Plaintiffs are essentially challenging the validity of the Bowen and 7–Plant Permits issued by the EPD.

Though this may be factually accurate, that the EPD issued the Bowen and 7–Plant Permits in conjunction with the Wansley Permit so that they could satisfy the Wansley Permit offset requirements, the EPD's intention is not evident from the complaint nor the permits themselves. Therefore, at this stage of the litigation, accepting the Plaintiffs' complaint as true, Plaintiff has stated a claim upon which relief may be granted as to the alleged violations of the Wansley Permit. The permit requires that the offsets be real, permanent, quantifiable, enforceable and surplus; Plaintiff asserts that they are not.

For the same reasons, Defendant's argument regarding the permit shield provisions is without merit. Permit shield provisions preclude citizen suits where the permit holder acted in compliance with a properly issued permit. There is no dispute that Defendant is in compliance with the Bowen and 7–Plant Permits. Therefore the permit shield provisions contained in such permits would preclude a citizen suit against Defendant regarding the requirements of such permits. The pertinent question, however, is whether the Defendant is in violation of the Wansley Permit because the offsets, instituted by Defendant (contained in the Bowen and 7–Plant Permits), are not real, permanent, quantifiable, enforceable and surplus. Because there is a question as to whether Defendant is in compliance with the Wansley Permit, the permit shield does not preclude this citizen suit.

In regards to Defendant's argument asserting improper notice, it appears to be moot as Plaintiffs have clarified that they assert, as to the 7–Plant Permits, only that such permits do not create offsets which are surplus.

Because Plaintiffs state a claim upon which relief may be granted as to Count IV, Defendant's Motion to Dismiss [# 5–1] is **DENIED** as to such count.

### B. Count V

Count V asserts that Defendant violated 42 U.S.C. § 7412 when it modified a major source of hazardous air pollutants without a determination, by the EPA or the EPD, that the major source as modified would meet the MACT limitations. As Defendant points out, however, the major sources subject to 42 U.S.C. § 7412 are those constructed or reconstructed, not those modified. See 61 Fed.Reg. 68, 384, 68, 386 (Dec. 27, 1996). Because Plaintiffs admit that the source is a modified source

as opposed to a constructed or reconstructed source they have failed to state a claim upon which relief may be granted as to Count V. As such, Defendant's Motion to Dismiss [# 5–1] is **GRANTED** as to such count.

## IV. Conclusion

For the above stated reasons, Defendant's Motion to Dismiss Counts IV and V of Plaintiffs' Complaint [# 5–1] is **GRANTED in part** and **DENIED in part**. It is **GRANTED** as to Count V and **DENIED** as to Count IV.

Plaintiffs' Motion to Extend Time to File Reply [# 6–1] is **GRANTED.** Plaintiffs' Motion for Oral Argument on Motion to Dismiss [# 14–1] is **DENIED.**