**Paul Y. FENG and Marie R. Feng, Plaintiffs,**

v.

**James SANDRIK, John Madonia, Rafaele Suriano, Richard Matre, Loraine Serwatka, Raymond Baumhart, Board of Trustees and Members of the Board of Trustees of Loyola University of Chicago, Lay Board of Trustees and Members of the Lay Board of Trustees of Loyola University of Chicago, and Loyola University of Chicago, Defendants.**

No. 85 C 7111.

United States District Court, N.D. Illinois, E.D.

Feb. 10, 1986.

Paul Y. Feng, Pro se.

Leon S. Conlon/William H. Oswald, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

*Pro se* plaintiffs Paul Feng ("Paul") and Marie Feng ("Marie") brought this sex-discrimination action against defendants Loyola University of Chicago ("Loyola"), unnamed individual members of Loyola's Board of Trustees and Lay Board of Trustees and several Loyola employees ("the individual defendants"). The Fengs seek compensatory and punitive damages plus equitable relief in their three-count complaint alleging sex-based salary disparities and retaliatory actions taken by defendants against Marie for complaining about those disparities. Loyola and the individual defendants have moved to dismiss most of the claims in the Fengs' complaint under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). The Fengs have moved to disqualify defendants' counsel and for a stay of proceedings pending decisions on pretrial motions in

another case involving some of these parties. For the reasons stated below, the defendants' motion is granted in part and denied in part, and the plaintiffs' motion is denied.

## I. FACTUAL ALLEGATIONS

The Fengs allege the following facts which, for the purposes of the present motion, we assume to be true along with all reasonable inferences to be drawn from them. *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir.1981). Marie was a full-time assistant professor at Loyola's School of Dentistry for the academic years 1970 through 1979, receiving tenure in 1975. She was also a part-time faculty member for the 1979–1980 academic year. Her husband Paul was never employed by Loyola, nor did he ever apply for employment there.

The Fengs allege that a pattern of salary discrimination for assistant professors existed at Loyola from 1976 to 1979. The average salary for male assistant professors exceeded the average for female assistant professors in the 1976–1977 academic year, and subsequent salary increases were greater for males as well, making the disparity even wider. Marie's salary and salary increases corresponded to this pattern and were less than those for males in the same position, despite Marie's advance in seniority and recognized merit. On September 17, 1979, the Fengs pointed out the pattern of salary discrimination to Loyola's general counsel, who referred the matter to defendant Richard Matre, Provost of the Loyola University Medical Center. No explanation for the salary differences was offered. Matre advised the Loyola School of Dentistry of the Fengs' inquiry and characterized it as a complaint and a charge of sex discrimination. As a result of the complaint, defendant James Sandrik, Chairman of the Department of Dental Materials, in alleged conspiracy with defendants John Madonia, Rafaele Suriano, Raymond Baumhart[1] and Matre,

---

1. Madonia and Suriano were the Associate Dean and Dean, respectively, of Loyola's School of

asked Marie to accept a pay reduction without a commensurate reduction in her work load in the latter part of 1979.[2] Additionally, Sandrik or defendant Loraine Serwatka, Matre's assistant, or both, in alleged conspiracy with Madonia, Suriano, Matre and Baumhart, suspended or denied Marie's pending promotion.

Between November 1979 and August 1980, the Fengs repeatedly told Sandrik and Matre that Marie was willing to continue working with no change in pay. Nevertheless, Sandrik, in conspiracy with the other named individual defendants, sent a letter to Marie on August 27, 1980, informing her that she would not be re-employed, even though her re-employment had been authorized by Loyola.

Marie filed a charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 11, 1981. The only party charged with discrimination was Loyola, although Sandrik was mentioned in the EEOC complaint. The Commission conducted an investigation of the charge and found that there was no reasonable cause to believe that Marie's allegations were true. It issued a right-to-sue letter to Marie on May 16, 1985, and this suit followed. The *pro se* complaint is divided into three "counts," although the various causes of action pled are only loosely tied to any particular count. In sum, the complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17 (1982), the Equal Pay Act, 29 U.S.C. § 206 (1982), a provision of the Fair Labor Standards Act, 29 U.S.C. § 215 (1982) and § 1985(3) of the Civil Rights Act of 1871, 42 U.S.C. § 1985(3) (1982). The Fengs also included pendent

state law claims alleging breach of contract and various tort claims, including infliction of emotional distress. The defendants moved to dismiss all of these claims with the exception of Marie's Title VII action against Loyola.[3] In a separate motion, the Fengs moved that we disqualify defendants' counsel and stay proceedings in this suit.

## II. TITLE VII CLAIMS

All of the named individual defendants moved to dismiss Marie's Title VII claim against them since they were not named in the complaint filed with the EEOC. Since none of the members of the Loyola Board of Trustees or Lay Board of Trustees were named in the EEOC complaint either, this discussion applies to them as well. For the reasons set forth in this section of the opinion, the motion is granted.

■ A person who wants to file an employment discrimination suit in federal court under Title VII must first file a charge with the EEOC alleging a Title VII violation and exhaust her remedies with the Commission. 42 U.S.C. § 2000e–5 (1982). The EEOC is responsible for investigating the charges and, if there is reasonable cause to believe their truth, achieving voluntary compliance with the law through conciliation and persuasion. If these efforts are unsuccessful, or if the EEOC finds that there is not reasonable cause to believe the charges are true, it informs the parties and issues a letter authorizing the complainant to file a Title VII suit. *Id.* Accordingly, it is well settled that ordinarily a person not named in the EEOC charge may not be sued under Title VII. *Eggle-*

Dentistry. Baumhart was apparently the President of the dentistry school, although the complaint does not make this clear.

2. The Fengs did not offer a reason for Marie's change in status from a full-time to a part-time faculty member. We assume this move was of her own volition.

3. The defendants argued in their motion to dismiss that the plaintiffs' response to that motion should not be considered with respect to Marie because she failed to sign it as required by

Fed.R.Civ.P. 11. However, it is clear that in signing the plaintiffs' response, Paul intended to represent both himself and Marie. And, as noted by the Advisory Committee on the Rules, "the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations." Fed.R.Civ.P. 11 Advisory Committee Note. In exercising our discretion, we reject defendants' request and will consider the response of these *pro se* plaintiffs as applicable to both Paul and Marie.

*ston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 905 (7th Cir.1981), *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982); *Zewde v. Elgin Community College,* 601 F.Supp. 1237, 1243–44 (N.D.Ill.1984).

▇▇▇ The Seventh Circuit has characterized this requirement as jurisdictional since it serves both the purpose of putting the charged party on notice of the alleged Title VII violation and of bringing the party before the EEOC to facilitate efforts at conciliation. *Eggleston,* 657 F.2d at 905. However, the EEOC filing requirement is subject to some exceptions designed to avoid dismissals based on procedural technicalities where laypersons are preparing the complaints, as they often do. *Id.* at 907. The factors considered by the *Eggleston* court in deciding whether the filing requirement can be bypassed were: (1) whether the unnamed parties had adequate notice of the EEOC charge; (2) whether the unnamed parties were given an opportunity to participate in the EEOC conciliation proceedings; and (3) whether the complainant has the opportunity to receive complete redress of legitimate grievances unencumbered by procedural technicalities, especially where requiring strict compliance with the procedural requirements would have no relation to the purposes of those requirements. *Id.* at 906–07.[4] The individual defendants argue that they were never on notice of the EEOC charge and that they were not permitted an opportunity to engage in conciliatory negotiations with the plaintiffs. Marie responds that it was the fraudulent concealment of information by the defendants which prevented

her from naming the individuals in her EEOC complaint, although she has not elaborated this allegation which appears for the first time in her memorandum on this motion. She also argues that the individual defendants were given "abundant opportunity" to participate in the EEOC conciliation effort, although there is no basis to support this claim in the record. Furthermore, she claims that the individual defendants will suffer no prejudice if they are retained as defendants in this action since they were aware of charges pending against them in a suit by Paul under the Employee Retirement Income Security Act ("ERISA") in another court in this district.

We cannot construe these arguments to allow the individual defendants to be sued under Title VII. Notice was never given to them with respect to the EEOC complaint, and Marie has not demonstrated that they were afforded an opportunity to participate in the EEOC proceedings. Although it appears that Matre, and perhaps Sandrik, were aware that Marie might raise a dispute with Loyola, there is nothing to support a finding that they could have anticipated an action against them. Furthermore, the fact that the individual defendants were involved in a lawsuit filed by Paul on a different substantive matter is not sufficient to support an inference of constructive notice of the EEOC charges. Finally, we note that the inclusion of these defendants adds little to Marie's Title VII claims, since she can still receive the full measure of available relief against her employer, Loyola. *See Scott v. University of*

4. The *Eggleston* court also reviewed the facts in that case with respect to the often-cited test from *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir.1977). The Third Circuit evaluates the following four factors in determining whether a federal suit may be maintained where a plaintiff has failed to name defendants in an EEOC charge:

(1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

(2) whether, under the circumstances, the interests of a named [party] are so similar as

the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

(3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and

(4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

We conclude that application of this test, too, would require the dismissal of the individual defendants here.

*Delaware,* 385 F.Supp. 937, 942 (D.Del. 1974).

■ The defendants also moved to dismiss Paul's Title VII claim because he lacks standing. The Fengs alleged that Paul has been harmed by defendants' actions and that he may recover under Title VII as well as Marie. However, nowhere is it alleged that Paul was ever employed by Loyola or that he ever sought or even desired employment at Loyola. His only connection with the defendants' behavior is the fact that he is married to Marie.

Title VII actions against employers for discriminatory employment practices may be brought by any "person claiming to be aggrieved." 42 U.S.C. § 2000e–5(f)(1) (1982). Generally, the phrase "persons aggrieved" encompasses employees or applicants for employment with the allegedly offending employer. "To have standing as a 'person aggrieved' under Title VII the plaintiff must show that (1) he has actually suffered an injury and (2) that the 'interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute ... in question.'" *Pecorella v. Oak Orchard Community Health Center, Inc.,* 559 F.Supp. 147, 149 (W.D.N.Y.1982), *aff'd,* 722 F.2d 728 (2d Cir.1983), *citing Association of Data Processing Service Organizations v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970). In this case, Paul has made broad allegations regarding injuries he has suffered through Loyola's behavior toward Marie. However, spouses of individuals who have been victimized by employment discrimination cannot be said to fall within the class of persons Title VII was intended to protect. There is certainly no need to provide a statutory cause of action to the employee *and* her spouse.

Furthermore, remedies available under Title VII are generally limited to injunctive relief and back pay awards since compensatory and punitive damages are not recoverable. *See Zewde v. Elgin Community College,* 601 F.Supp. 1237, 1243 (N.D.Ill. 1984). Thus, there is no relief which would really be applicable to Paul even if he could support the other requirements for a Title VII action.

For all of these reasons, Paul does not have standing to maintain a Title VII action against any of the defendants. Accordingly, we dismiss his claim.

## III. FAIR LABOR STANDARDS ACT AND EQUAL PAY ACT CLAIMS

■ The Fengs allege that defendants violated sections of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1) (1982), and a provision of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) (1982). Section 206(d)(1) prohibits sex-based salary discrimination with respect to the payment of wages by covered employers to employees performing equivalent work. Section 215(a)(3) makes it unlawful for an employer to discharge or otherwise discriminate against an employee because that employee files a complaint or institutes a proceeding under the fair labor standards statute. The defendants contend that the Fengs' EPA claims are barred by the two-year statute of limitations set forth in 29 U.S.C. § 255 (1982). We agree.

According to the statutory language, § 255(a) provides a two-year statute of limitations for suits based on violations of sections 206 and 215, measured from the date the cause of action accrued to the date the EPA complaint was filed, unless the cause of action arose out of a willful violation by the defendants. Even under the latter circumstance, there is only a three-year statute of limitations. 29 U.S.C. § 255(a) (1982).

The Fengs acknowledge that approximately five years passed between the time the cause of action accrued until the time they filed this suit, but argue that their EPA claims were timely filed since the filing of Marie's administrative Title VII complaint with the EEOC tolls the EPA limitations period. Other courts have rejected this proposition, *see, e.g., Melanson v. Rantoul,* 536 F.Supp. 271, 285 (D.R.I. 1982), and we do also. While Title VII and

the Equal Pay Act provide similar protection to individuals victimized by gender-based salary discrimination, they also provide clearly independent avenues of relief. There is no requirement under the EPA that a party file any administrative claim as a prerequisite to filing a complaint in federal district court. Nor is it required that a party pursue her Title VII remedies concurrently with her EPA claims. The Fengs could have filed the EPA action as soon as they discovered the salary discrepancy between Marie and Loyola's male assistant professors doing "equal work," but they chose instead to wait until disposition of her Title VII EEOC complaint. In doing so, they foreclosed independent statutory relief which would otherwise have been available. Although the pursuit of EPA claims while an EEOC complaint based on the same factual situation is pending might seem counterproductive with respect to the goals of conciliation and compromise encouraged by Title VII, that is the remedial scheme with which Congress has left us. *Cf. Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 461, 95 S.Ct. 1716, 1720–21, 44 L.Ed.2d 295 (1975) (rejecting proposition that timely filing of EEOC complaint tolls limitations period for actions under 42 U.S.C. § 1981). Accordingly, we dismiss the Fengs' EPA claims.[5]

## IV. SECTION 1985(3) CLAIMS

 The Fengs further contend that Loyola and the individual defendants have conspired to deprive them of equal protection and their privileges and immunities under the law in violation of 42 U.S.C. § 1985(3) (1982).[6] Defendants argue that Marie's section 1985(3) claims do not sufficiently allege a factual basis for a conspiracy action as required by the pleading rules for such actions. In order to state a claim under § 1985(3), even a *pro se* plaintiff must allege more than conclusional allegations declaring a conspiracy. *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981), *cert. denied in relevant part,* 460 U.S. 1037, 103 S.Ct. 1426, 75 L.Ed.2d 787 (1983), *aff'd companion case,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). In the present case, Marie alleges that the individual defendants conspired to request her to accept a pay reduction, suspend or deny her promotion and terminate her employment. However, there are no facts alleged that suggest any sort of agreement between these individual defendants that would support the existence of a conspiracy, nor are there any facts from which a conspiracy could be reasonably inferred. *Cf. Quinones v. Szorc,* 771 F.2d 289, 291 (7th Cir.1985). Furthermore, the supreme Court held in *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), that plaintiffs suing under § 1985(3) must show "some racial, or otherwise class-based individiously discriminatory animus behind the conspirator's actions." The complaint must allege facts specific enough to suggest the existence of this type of motivation underlying the defendant's actions. *See Briscoe,* 663 F.2d at

---

**5.** As with their Title VII claim, the Fengs alleged that Paul has been harmed by defendants' actions under the fair labor standards and equal pay provisions. 29 U.S.C. §§ 206(d)(1), 215(a)(3). However, private enforcement for both of these provisions is limited to employees. 29 U.S.C. § 216(b) (1982). Hence, Paul lacks standing to bring actions under these statutes as well.

**6.** That provision states in pertinent part:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or

for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

723. Because the complaint in this case does not fulfill the necessary pleading requirements for a § 1985(3) action, we dismiss this claim under Fed.R.Civ.P. 12(b)(6).[7]

## V. PENDENT STATE LAW CLAIMS

■ In concluding that none of Paul's federal claims can withstand defendants' motion to dismiss, we must also dismiss his pendent state tort and contract claims since there is no independent basis for asserting federal jurisdiction over the latter. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

■ Defendants' moved to dismiss Marie's pendent state law claims pursuant to the appropriate statutes of limitations. These state law allegations include tort claims for interference with a business relationship, damage to professional career and infliction of emotional distress. Whether or not these state legitimate causes of action, none of these claims has been filed in a timely manner. The plaintiffs admit that they knew of the individual defendants' actions as early as May 16,

1983, when they unearthed information in the course of discovery in a separate suit between these parties. The present action was filed on August 12, 1985, more than two years from the date of Marie's "discovery" that she had been injured by the defendants. Thus, dismissal is required on the basis of the two-year Illinois statute of limitations for personal injury actions Ill. Rev.Stat. ch. 110, ¶ 13–202 (1983).[8]

■ Marie also alleged that defendants breached her oral contract with them to be re-employed for the 1980–81 school year. Since the termination letter was sent on August 29, 1980, and this suit was filed within the five-year statute of limitations for oral contracts, Ill.Rev.Stat. ch. 110, ¶ 13–205 (1983), the contract action is not time barred. Therefore, because the allegations underlying Marie's contract action against the defendants arise from a common nucleus of operative fact with her Title VII claim against Loyola, she may continue her pursuit of this pendent claim. However, since her employment contract was with Loyola, and not the other defendants, the claim can only be maintained against Loyola.

7. Even if the pleadings were sufficiently specific to allege a § 1985(3) conspiracy, the Fengs have probably not alleged the deprivation of a right for which § 1985(3) provides a remedy. A close reading of the papers filed in this case reveals that the primary rights which the Fengs contend were violated are those created by Title VII and the Equal Pay Act. However, deprivation of rights created by Title VII cannot be the basis for a § 1985(3) action. *Great American Savings & Loan Association v. Novotny*, 442 U.S. 366, 378, 99 S.Ct. 2345, 2352, 60 L.Ed.2d 957 (1979). Furthermore, it has been called into doubt whether the deprivation of rights under the Equal Pay Act can be the basis for § 1985(3) actions. *See, e.g., Whitten v. Petroleum Club of Lafayette*, 508 F.Supp. 765, 771–72 (W.D.La. 1981).

Paul also raised an argument in his memorandum in opposition to the defendants' motion to dismiss claiming his § 1985(3) action was predicated on the defendants' alleged conspiracy to deprive him of his First Amendment "right to advocate equal pay between male and female employees doing similar work." Feng Memorandum at 13. Even without considering Paul's failure to allege this in the complaint, we find that his claim does not state a cause of action since the scope of substantive rights protected

through § 1985(3) actions does not include those contained in the First Amendment. *Afro-American Police League v. Fraternal Order of Police*, 553 F.Supp. 664, 673 (N.D.Ill.1982).

8. The Fengs also argue that the tort claims should not be barred because the five-year statue of limitations set forth in Ill.Rev.Stat. ch. 110, ¶ 13–215 (1983) should be applied. That provision establishes a five-year limitations period if a person liable for an action fraudulently conceals the cause of action from the knowledge of the person entitled to sue. The five years run from the time of discovery of the fraudulent concealment. However, under Illinois pleading rules, a person claiming that ¶ 13–215 is applicable must affirmatively allege facts which show the defendant fraudulently concealed a cause of action. *Pratt v. Sears Roebuck & Company*, 71 Ill.App.3d 825, 830, 28 Ill.Dec. 304, 308, 390 N.E.2d 471, 475 (1st Dist. 1979). In this case, where the state law action is in federal court on a claim of pendent jurisdiction, we find that similar specificity in pleading is necessary. Accordingly, since the Fengs have neglected to plead any facts regarding fraudulent concealment by the defendants, the statute of limitations from ¶ 13–215 will not be applied.

### VI. MOTION TO DISQUALIFY DEFENDANTS' COUNSEL

██ The Fengs moved to disqualify counsel representing all of the defendants, claiming that representation of multiple defendants is a conflict of interest in violation of Canon 5 of the Code of Professional Responsibility as adopted in Illinois. Ill. Rev.Stat. ch 110A, Canon 5 (1983). They also request that all motions and pleadings filed by these attorneys be quashed if the motion to disqualify is granted. Counsel for defendants have represented to the Court that Loyola customarily indemnifies and defend its employees when they are sued for acts done within the scope of their employment, making a conflict of interest unlikely. Furthermore, all defendants have consented to representation by the same counsel. Under these circumstances, we conclude that it is clear that defendants' counsel can adequately represent all of the defendants without conflict, and that the defendants have consented to joint representation upon full disclosure of the consequences under Ill.Rev.Stat. ch. 110A, Rule 5–105(c) (1983). Since there is no reason to believe that the defendants' counsel cannot adequately represent the interests of all of the defendants in this action, the plaintiffs' motion is denied.

██ The Fengs have also requested a stay of proceedings in this Court until pending motions in another lawsuit between Loyola and Paul Feng are decided. The Fengs assert that the other case, an ERISA action, has questions of law and fact common to those in this case as well as common parties. However, after briefly reviewing the pleadings in the other case, *Feng v. Loyola University of Chicago*, No. 81 C 7274 (N.D.Ill.), we do not feel that those proceedings are related closely enough to this case to warrant a stay in the proceedings, as no interest in judicial economy will be furthered. Furthermore, the only plaintiff in the ERISA case is Paul Feng, who is no longer a party to this suit.

9. What now remains in this case are Marie's Title VII and pendent contract claims against

Accordingly, the Fengs' motion to stay proceedings is denied.

### VII. CONCLUSION

In accordance with the above discussion, plaintiff Paul Feng and all of the individual defendants are dismissed from this suit. The defendants' motion to dismiss is denied with respect to Marie's pendent contract claims against Loyola [9] but is granted in all other respects. Finally, the Fengs' motion to disqualify defendants' counsel and to stay these proceedings is denied. It is so ordered.

Loyola. Discovery as to these two claims should be completed expeditiously.