Delores SECRIST, Plaintiff,

v.

BURNS INTERNATIONAL SECURITY SERVICES, and Niagara of Wisconsin Paper Corporation (n/k/a Consolidated Paper Inc.), Defendants.

No. 95–C–1099.

United States District Court,
E.D. Wisconsin.

Feb. 20, 1996.

Hale & Lein by Lynne M. Mueller, Milwaukee, WI, for Plaintiff.

Godfrey & Kahn by Howard A. Pollack & Jessica Hausknect, Milwaukee, WI, McDermott, Will & Emery by Stephen D. Erf & Kathryn T. Ditmars, Chicago, IL, for Defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On October 27, 1995, the plaintiff commenced this action alleging that the defendants, Burns International Security Services ["Burns"] and Niagara of Wisconsin Paper Corporation ["Niagara"] violated the Equal Pay Act, 29 U.S.C. § 206(d) ["EPA"], Fair Labor Standards Act, 29 U.S.C. §§ 216 and 217 ["FLSA"], Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. ["Title VII"], and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 630 ["ADEA"].

Niagara has filed a motion to dismiss the claims asserted against it in counts two and three of the complaint for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure and for failure to state a claim for which relief can be granted under Rule 12(b)(6), Federal Rules of Civil Procedure.

Count Two involves a claim against the defendants of disparate treatment in wages on the basis of sex and age in violation of Title VII and the ADEA as well as a claim of discriminatory hiring on the basis of sex in violation of Title VII. Count three concerns a claim of discriminatory firing on the basis of sex and age in violation of Title VII and the ADEA.

■ In analyzing a motion to dismiss under Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure, the court must accept all well-pleaded factual allegations as true and must draw reasonable inferences in favor of Ms. Secrist. *See Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (12)(b)(1)); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir.1991) (Rule 12(b)(6)). However, "argumentative inferences favorable to the pleader will not be drawn." *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988); 5 Wright & Miller, *Federal Practice and Procedure* § 1350 at 551 (1969).

■ In addition, a defendant may introduce pertinent documents that are referenced in a complaint and central to plaintiff's claim without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

## I. BACKGROUND

Mindful of the standard recited above, the underlying facts alleged by the plaintiff are as follows: Burns is a Wisconsin corporation which provides security services to various entities. Niagara, which operates a paper mill, employed Burns to provide security services at its facility in Niagara, Wisconsin. Ms. Secrist was a Burns employee assigned to security detail at Niagara. Ms. Secrist worked at the Niagara facility as a security guard from April 25, 1991, through August 29, 1994, at which time she was terminated. Upon her termination, she was 62 years old. (Memorandum in Support of 12(B)(1) and (6) Motion to Dismiss, Ex. 1.)

While employed by Burns and stationed at the Niagara facility, Ms. Secrist performed security work equal to work performed by the male security officers. Despite performing the same tasks as the male security officers, Ms. Secrist was paid less than her male counterparts.

At some point during her employment with Burns, Ms. Secrist applied for the positions of sergeant and lieutenant but was denied those promotions.

## II. ANALYSIS

In its motion and supporting brief, Niagara argues that counts two and three of the complaint should be dismissed because the plaintiff failed to name Niagara in its charge with the Wisconsin Equal Rights Division and the United States Equal Employment Opportunity Commission ["EEOC"]. As support for its assertion, Niagara points to the right to sue letter attached to the plaintiff's complaint and the EEOC charge which it includes as an exhibit to its motion. These documents identify only Burns as the party charged. Niagara maintains that Ms. Secrist's failure to include its in her EEOC charge deprived it of notice of the charge and an opportunity to participate in the investigation and conciliation proceedings.

Although she does not dispute that she failed to name Niagara in her EEOC charge, Ms. Secrist invokes an exception to the general rule barring Title VII and ADEA claims against parties not named in the EEOC complaint. Namely, the plaintiff maintains that she should be relieved of this requirement because she filed her claim without the benefit of counsel.

 In general, a party not named as a respondent in an EEOC charge may not be sued in a Title VII or ADEA action. *See* 42 U.S.C. § 2000e–5(f)(1); 29 U.S.C. § 626(d); *Perkins v. Silverstein,* 939 F.2d 463, 471 (7th Cir.1991) (Title VII); *Overgard v. Cambridge Book Co.,* 858 F.2d 371, 374 (7th Cir.1988) (ADEA). Naming the party as a respondent in an EEOC charge prior to bringing suit under Title VII or the ADEA serves a two-fold purpose under these statutes: (1) to notify the party charged of the alleged violation; and (2) to afford the party charged with an opportunity to participate in the conciliation and to comply voluntarily with the statutes. *Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 126 (7th Cir.1989); *Allen v. City of Chicago,* 828 F.Supp. 543, 556–57 (N.D.Ill.1993).

 However, this requirement is not a jurisdictional prerequisite. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). Instead, the filing requirements of Title VII and the ADEA are considered conditions precedent which are subject to equitable modification. *Perkins,* 939 F.2d at 470 (Title VII); *Stark v. Dynascan Corp.,* 902 F.2d 549, 551 (7th Cir.1990) (ADEA).

 Because, the filing requirements of Title VII and the ADEA are not jurisdictional, Niagara's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure is not appropriate. Nevertheless, I will proceed to address the merits of Niagara's motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure.

 As correctly noted by Ms. Secrist, courts do not demand hypertechnical compliance with the filing requirements of Title VII and the ADEA in recognition of the fact that lay persons often file EEOC charges without consulting lawyers. *Feng v. Sandrik,* 636 F.Supp. 77, 81 (N.D.Ill.1986). Yet, contrary to Ms. Secrist's suggestion, a blanket exception to the filing requirements of Title VII

and the ADEA does not exist for pro se litigants who file EEOC charges. Rather, the case law reveals that an exception to the filing standards of Title VII and the ADEA is generally made where the unnamed party or parties had adequate notice of the charge and an opportunity to participate in conciliation. *Schnellbaecher*, 887 F.2d at 126; *Allen*, 828 F.Supp. at 557. An additional consideration is whether strict application of the filing requirements would deprive a plaintiff of redress of any legitimate grievance. *Eggleston v. Chicago, Journeymen Plumbers' Local Union*, 657 F.2d 890, 907 (7th Cir.1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982).

■ Ms. Secrist concedes that Niagara was not given notice of the EEOC charge. Moreover, she has not demonstrated, nor has she even alleged, that Niagara was afforded an opportunity to participate in the EEOC proceedings. There is nothing in the record from which I can infer that Niagara should have anticipated Ms. Secrist's charges. Finally, Ms. Secrist may still receive the full measure of available relief under Title VII and the ADEA against its employer Burns.

For these reasons, I will grant Niagara's motion to dismiss the Title VII and ADEA claims asserted against it in counts two and three under Rule 12(b)(6), Federal Rules of Civil Procedure.

Therefore, IT IS ORDERED that Niagara's motion to dismiss the Title VII and ADEA claims alleged against it in counts two and three of the complaint be and hereby is granted.

IT IS ALSO ORDERED that the Title VII and ADEA claims in counts two and three of the complaint against Niagara be and hereby are dismissed, without prejudice, and with costs.