Joseph E. DIGIRO, Plaintiff,

v.

PALL CORPORATION, Defendant.

No. 97–2338–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 26, 1998.

Joseph E. DiGiro, Belleair Beach, Pro se.

Richard C. McCrea, Jr., Cynthia L. May, Zinober & McCrea, P.A., Tampa, FL, for Defendants.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's Motion to Dismiss (Dkt.4), and Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and in response to the Court's order to show cause (Dkt.9).

### POSTURE OF THE CASE

The Plaintiff, DiGiro, filed his complaint on September 21, 1997, within ninety (90) days of receiving a "Notice of Suit Rights" from the United States Equal Employment Opportunity Commission. On October 27, 1997, the defendant, Pall Corporation, filed its motion to dismiss, supplemented with a "Notice of Compliance" and "Index to Cases cited in Defendant's Memorandum of Law in Support of Motion to Dismiss" on November 11, 1997, following the service of the Court's Order of Procedure on November 5, 1997.

On November 14, 1997, DiGiro filed his request for an extension of time to respond to the motion to dismiss. His motion was denied on November 18, 1997, for failing to comply with Local Rule 3.01(g).

On November 8, 1997, the Court entered an order to show cause why the case should not be dismissed for failure to prosecute, and why the defendant's motion to dismiss should not be granted. DiGiro responded December 15, 1997.

### STANDARD OF REVIEW

Under *Conley v. Gibson,* a district court should not dismiss a complaint "for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to relief. 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir. 1982). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47 (quoting Fed.R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, a court can examine only the four (4) corners of the complaint. *Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232 (M.D.Fla.1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs. Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (citation omitted). Also a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995). However, when, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991), *cert. denied,* 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991); *Powell v. United States,* 945 F.2d 374 (11th Cir.1991).

### DISCUSSION

**A. DiGiro's Complaint States a Cause of Action Against Pall Corporation**

The Defendant, Pall Corporation, asserts that the Plaintiff, DiGiro, failed to state a cause of action against it, warranting the Court to dismiss this action. Defendant's Motion to Dismiss, p. 2. Specifically, the Defendant asserts that the Plaintiff failed to allege that Pall Corporation either employed him or took any unlawful action against him in his Complaint. Defendant's Motion to Dismiss, p. 1.

Looking exclusively at the Complaint, the Plaintiff specifically names "Pall Corporation" as the defendant in the caption of his action. Complaint, p. 1. Further, in Paragraph 2 of the Complaint, the Plaintiff again mentions the Defendant as "Pall Corporation, Glen Cove, N.Y." Complaint, ¶ 2. Consequently, the Plaintiff is alleging a complaint against the Defendant, Pall Corporation.

By implication, the Complaint alleges the Plaintiff's claim for relief against the Defendant, Pall Corporation. No other parties are referenced in the Complaint other than the Plaintiff, Joseph E. DiGiro, and the Defendant, Pall Corporation. Therefore, the Plaintiff's allegations are all directed against the Defendant. The fact that the Plaintiff made short, concise statements does not undermine their implications.

Specifically, the heading of Paragraph 4 of the Complaint, alleges "acts complained in suit." Complaint, ¶ 4. That heading is further broken down in two separate issues: the "Termination of [his] employment" and "Unjustly accused of removing company documents." *Id.* Specifically, under "Termination of my employment," the Plaintiff alleges "age discrimination." *Id.* In addition, in Paragraph 3 of the Complaint, the "Plaintiff accuses defendant of unfair labor practice ..." Complaint, ¶ 3. Therefore, the Plaintiff has alleged that the Defendant committed unfair labor practices, age discrimination, by terminating his employment because of his age.

The Plaintiff proceeds to explain the age discrimination by alleging he was "replaced by a younger employee that served six (6) months in the position" after he "served 3 years" in the same position. Complaint, ¶ 4. The Plaintiff goes on to say, he was "employed [a total] of 14 years." *Id.* Further, after "return[ing] from open heart surgery, one month later [he was] advised of [his] termination. Prior to surgery [the plaintiff] had [his] record on file as being disabled." *Id.* In addition, the Plaintiff alleges that there was a "Violation of Age discrimination in employment act and title I of the Americans with Disabilities Act of 1990." *Id.* As stated prior, by implication, the Plaintiff is alleging all of these acts against the Defendant, since they are the only two named parties in the complaint.

Moreover, attached to the Plaintiff's Complaint was a copy of the "Charge of Discrimination," which the Plaintiff filed in his administrative action. The Plaintiff referenced the "Charge of Discrimination" and the Equal Employment Opportunity Commission's ("EEOC") "Dismissal and Notice of Rights" in Paragraphs 8 and 9 respectively. "Filed charges with E.E.O.C. April 1994" and "Letter received July 3 or 5 1997." Complaint,

¶¶ 8–9. Therefore, the "Charge of Discrimination" and the "Dismissal and Notice of Rights" are incorporated by reference in to the Complaint.

In the "Charge of Discrimination," the Plaintiff mentioned "Pall Aeropower" as the "employer, labor organization, ...who discriminated against [him]." The Plaintiff was "employed by the Respondent [Aircraft Porous/Pall Aeropower] for 14 years" and he was "terminated from [his] position as Senior Customer Service Representative." These statements clarify the short, concise statements in the Complaint.

The Court acknowledges that the Plaintiff is *pro se* and did not have the advice and guidance of an attorney. To dismiss this action merely because the Plaintiff did not write in complete sentences would cause the Plaintiff hardship. Therefore, the Court finds that the Plaintiff has sufficiently alleged a cause of action against the Defendant, and the motion to dismiss will not be granted.

**B. DiGiro's Failure to Name Pall Corporation in His Administrative Charge of Discrimination is Not Fatal to the Instant Action**

█ The Defendant next argues that since the administrative charge of discrimination filed by the Plaintiff with the EEOC fails to name Pall Corporation as a respondent, the Complaint should be dismissed. Defendant's Motion to Dismiss, p. 1.

█ Generally, a party not named as a respondent in EEOC charge cannot be sued in a subsequent civil action. *Virgo v. Riviera Assocs. Ltd.,* 30 F.3d 1350, 1358 (11th Cir. 1994) (citing *Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 126 (7th Cir.1989)). There are two purposes for imposing this administrative requirement: to provide notice to the party being sued, and to afford that party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII. *Id.* at 1358. However, courts liberally construe this requirement. *Alvarado v. Board of Trustees,* 848 F.2d 457, 460 (4th Cir.1988); *Terrell v. United States Pipe & Foundry Co.,* 644 F.2d 1112, 1123 (5th Cir. Unit B 1981), *cert. de-*

*nied,* 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982). Where the purposes of the Act are fulfilled, a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal courts. *Eggleston v. Chicago Journeymen Plumbers' Local 130,* 657 F.2d 890, 905 (7th Cir.1981), *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982).

■ In order to determine whether the purposes of Title VII are met, courts do not apply a rigid test but instead look to several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties has adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings. *Id.* at 906–07; *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir.1977). Other factors my be relevant depending on the specific facts of the case. *Virgo,* 30 F.3d at 1359.

In addition, courts do not demand "hyper-technical compliance" with the filing requirements of Title VII because lay persons often file EEOC charges without consulting lawyers. *Secrist v. Burns Int'l Security Services,* 926 F.Supp. 823, 825 (E.D.Wis.1996) (citing *Feng v. Sandrik,* 636 F.Supp. 77, 81 (N.D.Ill.1986)). However, a blanket exception to the filing requirements of Title VII does not exist for *pro se* litigants who file EEOC charges. *Id.* at 826. An exception is generally made when the unnamed party has "notice of the charge and an opportunity to participate in conciliation." *Schnellbaecher,* 887 F.2d at 126. An additional concern is "whether strict application of the filing requirements would deprive a plaintiff of redress of any legitimate grievance." *Eggleston,* 657 F.2d at 907. Since the Plaintiff's filing of his complaint within the ninety (90) day time frame following the Notice of Suit Rights has expired, he would be deprived redress if the Court applied the requirements strictly.

■ It is well-established that "an administrative charge against one defendant may provide sufficient notice to another defendant, when the two are closely related entities." *Kelber v. Forest Elec. Corp.,* 799 F.Supp. 326, 331 n. 4 (S.D.N.Y.1992). Factors relevant to the determination of integrated enterprises are: interrelationship of operations; common management, directors and boards; centralized control of labor relations and personnel; and common ownership and control. *Id.* at 331 (citing *Streeter v. Joint Industry Board,* 767 F.Supp. 520, 527 n. 9 (S.D.N.Y.1991)). These are all issues of facts not yet known in this case, since the parties have only filed a Complaint and a Motion to Dismiss.

What is known is that Pall Corporation is the parent corporation of Pall Aeropower Corporation. Defendant's Motion to Dismiss, p. 5. Further, there is evidence that the two companies share the same legal counsel. The EEOC's "Dismissal and Notice of Rights" letter sent to Joseph E. DiGiro states "cc: Pall Aeropower Corporation, Cynthia L. May, Attorney at Law." Also, the Defendant's Motion to Dismiss on behalf of Pall Corporation, is signed by Cynthia L. May and names her as an attorney for Pall Aeropower Corporation. Defendant's Motion to Dismiss, p. 5. These connections are evidence that both companies are closely related in that they share the same attorney. Further, the fact that Cynthia L. May, attorney for both Pall Corporation and Pall Aeropower, appeared before the EEOC in an attempt to conciliate on behalf of Pall Aeropower Corporation, sufficiently gives the parent corporation, Pall Corporation, notice of the EEOC charge and opportunity to indirectly participate in the conciliation. "If a party has a close relationship with a named respondent, ... and has actual notice of the EEOC charge, ... to the extent that the [unnamed party] could have participated in conciliation efforts, the [unnamed party] 'should not be heard to cry "foul" when later made a defendant in a suit....' " *Eggleston,* 657 F.2d at 907 (quoting *Stevenson v. International Paper Co.,* 432 F.Supp. 390, 397–98 (W.D.La.1977)). Accordingly, it is

**ORDERED** that the Defendant's Motion to Dismiss (Dkt.4) be **denied** and the defendant **shall have** ten (10) days from this date to answer the Complaint.