Rhonda WHITSON, Plaintiff,

v.

STAFF ACQUISITION, INC.,
et al., Defendants.

No. CIV.A. 98–T–862–N.

United States District Court,
M.D. Alabama,
Northern Division.

Jan. 27, 1999.

Julian L. McPhillips, Jr., Karen Sampson Rodgers, McPhillips, Shinbaum & Gill, Montgomery, Al, for plaintiff.

Judy B. Van Heest, Beers, Anderson, Jackson, Hughes & Patty, PC, Montgomery, AL, John F. Wymer, III, Eric P. Berezin, Derek W. Bottoms, Powell, Gold-stein, Frazer & Murphy, Atlanta, GA, for defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

Plaintiff Rhonda Whitson, an African–American woman, has brought this lawsuit claiming that defendants Staff Acquisition, Inc., Staff Leasing, L.P., and Red Lion Apartments unlawfully discriminated against her on the basis of her race and terminated her employment in retaliation for filing a charge of race discrimination with the Equal Employment Opportunity Commission (EEOC). Whitson bases her lawsuit on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 1981a, 2000e through 2000e–17, and 42 U.S.C.A. § 1981. She has invoked the jurisdiction of the court pursuant to 28 U.S.C.A. §§ 1331 (federal-question) and 1343(a)(4) (civil rights), and 42 U.S.C.A. § 2000e–5(f)(3) (Title VII).

Currently, this cause is before the court on a motion, filed by the Staff defendants, seeking to have Whitson's complaint dismissed for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons that follow, the court concludes that the motion to dismiss should be denied.

## I. MOTION–TO–DISMISS STANDARD

Lack of subject matter-jurisdiction may be asserted by either party or by the court, on its own motion, at any time during the pendency of an action. Fed. R.Civ.P. 12(b)(1).[1] The burden of establishing a federal court's subject-matter jur-

---

1. Subpart (b) of Rule 12 provides:

    "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of pro-cess, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not

isdiction, once challenged, rests on the party asserting jurisdiction. *See Thomson v. Gaskill,* 315 U.S. 442, 445, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942); *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980).[2]

As a general rule, a district court's first duty is to determine whether it enjoys subject-matter jurisdiction, because that implicates the court's "very power to hear the case." *Bell v. Hood,* 327 U.S. 678, 682–683, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). Accordingly, the court is permitted to undertake a wide-ranging investigation and, in order to ascertain whether subject-matter jurisdiction exists, may look beyond the pleadings and may review or accept any evidence submitted by the parties. *See Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990) (per curiam).

Rule 12(b)(1) permits lack of subject-matter jurisdiction to be asserted in two ways: by facial and factual attacks on the pleading. *Id.* A facial attack questions the sufficiency of the pleading and the plaintiff enjoys similar safeguards to those provided when opposing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[3] *Sea Vessel Inc. v. Reyes,* 23 F.3d 345, 347 (11th Cir.1994); *see also Dunbar,* 919 F.2d at 1529. The court accepts the plaintiff's allegations as true, construes them most favorably to the plaintiff, and will not look beyond the face of the complaint to determine jurisdiction. *Id. See also Menchaca,* 613 F.2d at 511; *Dunbar,* 919 F.2d at 1529.

A factual attack, on the other hand, permits "the trial court [to] proceed as it never could under [Rule] 12(b)(6)." *Dunbar,* 919 F.2d at 1529. The court, in an effort to determine whether it has the power to hear the case, may weigh the evidence to confirm its jurisdiction. *Id.* "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts does not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

However, there is an important, if not always clear, distinction between the court's power to determine whether it has subject-matter jurisdiction and its ability to reach the substantive federal-law claims which form the basis of the case. The wide-ranging power afforded the court is strictly limited to a consideration of subject-matter jurisdiction: when the inquiry encroaches upon the merits of the case, the plaintiff is entitled to protection from the court's power to weigh the facts under a Rule 12(b)(1) motion. *Eaton v. Dorchester Dev., Inc.,* 692 F.2d 727, 733 (11th Cir.1982). ("The argument against premature dismissal on 12(b)(1) grounds is particularly strong when the basis of jurisdiction is also an element of plaintiff's cause of action on the merits").

Thus, where subject-matter jurisdiction is "inextricably intertwined" with the merits of the case, *Dunbar,* 919 F.2d at 1529 (quoting *Eaton,* 692 F.2d at 733), "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action." *Williamson v. Tucker,* 645 F.2d 404, 415 (5th Cir. May 20, 1981), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).[4] Here,

---

required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**3.** *See infra* note 1.

**4.** *See infra* note 2.

the court's power is more limited than under a straightforward Rule 12(b)(1) motion, because a defendant may not challenge the underlying cause of action by means of an attack on subject-matter jurisdiction which enables the trier of law, rather than the trier of fact, to weigh the merits of the case. *See Eaton,* 692 F.2d at 733. Instead, the court should convert the Rule 12(b)(1) motion to a Rule 12(b)(6) motion to provide the plaintiff with the appropriate protections. *Id.*

In considering a defendant's motion to dismiss under Rule 12(b)(6), the court accepts the plaintiff's allegations as true, Fed.R.Civ.P. 12(b); *Andreu v. Sapp,* 919 F.2d 637, 639 (11th Cir.1990), and construes the complaint liberally in the plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1000, 43 L.Ed.2d 214 (1975). The lawsuit may not be dismissed unless the plaintiff can prove no set of facts supporting the relief requested. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686; *Duke v. Cleland,* 5 F.3d 1399, 1402 (11th Cir.1993).

## II. FACTUAL SUMMARY

Whitson worked as the assistant manager of Red Lion Apartments. Her complaint alleges that three different entities, Red Lion, Staff Acquisition, and Staff Leasing, racially discriminated against her and then terminated her in retaliation for filing a claim with the EEOC.

Whitson filed a charge of race discrimination with the EEOC asserting that she was denied promotion to the position of apartment manager in favor of a less-qualified white woman.[5] However, she named only Red Lion on her charge-of-discrimination form and on the accompanying affidavit.[6] Neither of the Staff defendants were mentioned. After Red Lion terminated Whitson,[7] she amended her EEOC discrimination charge to allege retaliation.[8] Once again, she named only Red Lion, and not the Staff defendants, on her charge-of-discrimination form and accompanying affidavit.[9]

Whitson alleges that her failure to name the Staff defendants in the EEOC charge is justified because they are "closely related" to Red Lion: that they share operations, management, control, and legal counsel; that they provided Whitson with her benefits and health forms; and that they were labeled as employers during her unemployment hearing against Red Lion.[10]

The Staff defendants claim they are not closely related to Red Lion.[11] Judith Smith, Corporate Counsel for Staff Leasing, filed an affidavit stating that Staff Leasing has not done business in Alabama, or anywhere else, as Red Lion; that Staff Leasing has no ownership interest in Red Lion; and that Red Lion is not its agent.[12] Michael D. Craig, Vice President and General Counsel of Staff Leasing, filed an affidavit stating that he did not retain Hon. Judy van Heest, who also represents Red Lion, until after the EEOC had concluded its investigation.[13]

## III. DISCUSSION

■ The Staff defendants contend that Whitson is precluded from suing them

---

**5.** *See* Complaint, filed August 4, 1998, at 3.

**6.** *See id.* at Attachment A.

**7.** *See id.* at 6.

**8.** *See id.* at Attach. C.

**9.** *See id.*

**10.** *See* Plaintiff's Opposition Response to Defendants' Motion to Dismiss, filed October 14, 1998, at 5.

**11.** *See* Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, filed October 30, 1998, at 2.

**12.** *See* Defendants' Memorandum in Support of Their Motion to Dismiss, filed September 18, 1998, Exhibit 1 (Affidavit of Judith Smith, attached at 2).

**13.** *See* Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, filed October 30, 1998, Exhibit 1 (Affidavit of Michael D. Craig) at 1–2.

for racial discrimination because she failed to name them as parties in her EEOC charge. Usually, the identification of a defendant in the EEOC charge is a prerequisite to bringing a claim under Title VII. *See Virgo v. Riviera Beach Assocs., Ltd.,* 30 F.3d 1350, 1358 (11th Cir.1994); *see also* 42 U.S.C.A. § 2000e–5(c). "The starting point for determining the permissible scope of a judicial complaint is the administrative charge and investigation. The judicial complaint is limited to the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination." *Griffin v. Carlin,* 755 F.2d 1516, 1522 (11th Cir.1985) (citing *Evans v. United States Pipe & Foundry Co.,* 696 F.2d 925, 929 (11th Cir.1983); *Eastland v. Tennessee Valley Auth.,* 714 F.2d 1066, 1067 (11th Cir.1983), *cert. denied,* 465 U.S. 1066, 104 S.Ct. 1415, 79 L.Ed.2d 741 (1984)). A plaintiff may include in her complaint a claim for injury resulting from any practice which "was or should have been included in a reasonable investigation of the administrative complaint." *Id.*

■ However, courts liberally construe this requirement, *see DiGiro v. Pall Corp.,* 993 F.Supp. 1471, 1473 (M.D.Fla.1998), and, where the purposes of the act are fulfilled, will carve out an exception to the general rule that parties to the lawsuit must be named in the EEOC charge. *See Virgo,* 30 F.3d at 1359. Thus, to prove jurisdiction for the purposes of Title VII, Whitson must demonstrate either that the Staff defendants are covered by the "grows out of" prong of the rule or that they are included in the "purposes of the act" exception to the rule.

### A. "Growing out of" Prong

■ Whitson contends that the Staff defendants were in a sufficiently-close relationship with Red Lion to receive notice of the EEOC investigation. "It is well-established that 'an administrative charge against one defendant may provide sufficient notice to another defendant, when the two are closely related entities.'" *DiGiro,* 993 F.Supp. at 1474.

The parties contend that the criteria, originally promulgated by the National Labor Relations Board (NLRB), and adopted by the Eleventh Circuit in *McKenzie v. Davenport–Harris Funeral Home,* 834 F.2d 930, 933 (11th Cir.1987), are dispositive. The NLRB criteria are used to ascertain whether multiple defendants count as a single, joint employer for the purposes of Title VII. They include (1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control. *Id.* Whitson argues that the NLRB criteria show that the Staff defendants and Red Lion are joint employers, and thus ought to have been included in any investigation "growing out of" the EEOC charge. *See Griffin v. Carlin,* 755 F.2d at 1522; *Virgo,* 30 F.3d at 1359–1360; *Terrell v. United States Pipe & Foundry Co.,* 644 F.2d 1112, 1123 (5th Cir. Unit B, May 14, 1981), *vacated and remanded on other grounds sub nom International Ass'n of Machinists & Aerospace Workers, AFL–CIO v. Terrell* 456 U.S. 955, 102 S.Ct. 2028, 72 L.Ed.2d 479 (1982). The Staff defendants argue that the NLRB criteria demonstrate that they are not joint employers with Red Lion. Thus, the issue is whether the Staff defendants qualify as an employer under Title VII.

"The significance in determining whether being an 'employer' is an element of a[ ] [Title VII] claim is deciding which standard a judge should apply—rule 12(b)(1) or rule 12(b)(6). Under rule 12(b)(6), a plaintiff is more likely to withstand a motion to dismiss and the case is more likely to be decided on the merits by the fact finder." *Garcia v. Copenhaver, Bell & Assocs.,* 104 F.3d 1256, 1263 (11th Cir. 1997). Title VII makes it illegal for an "employer" to discriminate against an individual on the basis of her race. 42 U.S.C.A. § 2000e-(2)(a)(1). Whether the Staff defendants are employers (or a joint employer) under the EEOC is a substantive element of a Title VII claim, although intertwined with jurisdictional issues. *See Virgo* 30 F.3d at 1359; *see also Garcia,*

104 F.3d at 1264. Where the merits and jurisdiction are intertwined, the court may not apply its broad discretion under Rule 12(b)(1) to weigh the merits of Whitson's complaint, but must instead convert the Rule 12(b)(1) motion to a Rule 12(b)(6) motion, and grant Whitson the safeguards due to a plaintiff under rule 12(b)(6). *Garcia,* 104 F.3d at 1263.

### B. *"Purposes of the Act" Prong*

■ A defendant is required to be named in the EEOC charge for two reasons: first, to provide notice of the plaintiff's allegations; and, second, to permit the defendant to participate in conciliation and to voluntarily comply with requirements of Title VII. *Virgo,* 30 F.3d at 1358. However, this requirement may be liberally construed. *Id.* There is no requirement of " 'hypertechnical compliance' with the filing requirements of Title VII because lay persons often file EEOC charges without consulting lawyers." *DiGiro* 993 F.Supp. at 1474. So long as the "purposes of the Act are fulfilled, a party unnamed in the EEOC charge may be subject to the jurisdiction of the federal courts." *Virgo,* 30 F.3d at 1358–1359.

■ Courts do not apply a rigid test to determine whether the purposes of Title VII are met, but instead:

> "look to several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings."

*Virgo,* 30 F.3d at 1359.

In the instant case, Whitson must demonstrate, at the least, that the Staff defendants are similarly interested, received adequate notice, had adequate opportunity to participate, and were not actually prejudiced because they are so closely related to Red Lion as to count as her employers under Title VII. However, adequacy of notice, adequacy of opportunity, and absence of prejudice turn on whether the Staff defendants should be regarded as joint employers with Red Lion for the purposes of the EEOC. As discussed above, the joint-employer issue intertwines the merits of the case with jurisdiction, and is thus best dealt with as a rule 12(b)(6) motion.

### C. *Jurisdiction*

The court need not, at the commencement of the litigation, determine with finality the truth of the jurisdictional issues. "Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction." *Bell v. Hood,* 327 U.S. at 682, 66 S.Ct. at 776. The court should thus retain subject-matter jurisdiction so long as "the alleged claim under the Constitution or federal statutes [is not] clearly ... immaterial and made solely for the purpose of obtaining jurisdiction or ... wholly insubstantial and frivolous." *Id.* at 682–683, 66 S.Ct. at 776. Where jurisdiction and merits are intertwined, a party may establish jurisdiction "at the outset of a case by means of a nonfrivolous assertion of jurisdictional elements." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 537, 115 S.Ct. 1043, 1050, 130 L.Ed.2d 1024 (1995).

Whitson avers that Staff Leasing provided her "Benefits Elections Form" and "Personal Health Information Form" during her employment at Red Lion. Moreover, she claims that the Staff defendants were named as employers during her unemployment hearing against Red Lion.

These facts support the contention that the Staff defendants and Red Lion are joint employers, and amount to a non-frivolous assertion of facts sufficient to provide this court with jurisdiction. *Id.* Moreover, Whitson's claim is not clearly made solely for the purposes of obtaining jurisdiction. *Bell v. Hood,* 327 U.S. at 682–683, 66 S.Ct. at 776.

While Staff Leasing asserts that it does not own Red Lion, that the latter is not its agent, and that it has never done business in Alabama under the name Red Lion, these contentions go beyond the face of the complaint. Rather than converting the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment, Fed.R.Civ.P. 12(b), the court will deny the Staff defendants' motion to dismiss, and permit them an opportunity to file a motion for summary judgment after discovery has been conducted, and the parties have had the opportunity to uncover facts sufficient to support or refute the contention that the Staff defendants are joint employers.

## IV. CONCLUSION

For the foregoing reasons, it is OR-DERED that the motion to dismiss filed by defendants Staff Acquisition, Inc., and Staff Leasing, L.P., on September 18, 1998, is denied.